UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 20-cr-20449
                                              District Judge Paul D. Borman

ROBERT LEE TAYLOR,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS**

On August 5, 2021, the Court held an evidentiary hearing on Defendant Taylor's Motion to Suppress. The Court heard witness testimony and viewed a video submitted by the Assistant U.S. Attorney.

The Court found credible the testimony of Lenawee County Deputy Alex Purdue, who was not part of the RHINO[1] task force search warrant execution team at Defendant's residence and had no information about the search warrant execution, that he initiated the traffic stop of Defendant Taylor because he ran a stop sign, without stopping. The Court finds that this traffic violation supported his stop of Defendant Taylor.

In *Whren v. United States*, 517 U.S. 806 (1996), the Supreme Court held that the decision to stop an automobile is reasonable where the police have probable

---

[1] RHINO: Task Force Region of Irish Hills Narcotics Office.

1

cause to believe that a traffic violation has occurred. *Accord*, *United States v. Sanford*, 476 F.3d 391, 395 (6th Cir. 2007). Here, Deputy Purdue had probable cause to believe that Defendant Taylor had committed a violation of Michigan traffic law.

The Court finds that Defendant was not in custody when he accepted the officer's invitation to sit in the police car on that cold night. The officer's video/audio evidences that he did not order the Defendant to sit in the police car. During that time in the car, the officer obtained internet information that Defendant did not have a driver's license, and Defendant voluntarily stated that he had an outstanding Lenawee County active warrant for his arrest. This violation justified Defendant's arrest, and supported the search and seizure of Defendant's car possessions, specifically including the ring of keys in the cup holder that contained a key to the Master Lock on Defendant's bedroom door at his residence.

The Court notes that Defendant is not challenging the search warrant for the residence.

The Court concludes that Defendant's arrest was lawful, that Defendant's statements made after the stop, before the arrest, are admissible, that Defendant consented to a search of the car, and thus finds admissible the keys seized from the car after the arrest.

The Court finds that the Defendant's testimony at the hearing that he did not provide consent to the car search to not be credible, given his prior written affidavit that he did not recall if he objected to the search. The Court credits Trooper Jack Taeff's testimony, and his incident report statement, that Defendant Taylor consented to a search of his vehicle. Nor does the Court find credible Defendant's testimony that he did not run through the stop sign without stopping, after he made a quick U-turn to exit the dead-end street that contained his house that he saw being searched by a multi-police car law enforcement task force.

Accordingly, for these reasons, and those stated from the bench at the conclusion of the hearing, the Court DENIES Defendant's Motion to Suppress Defendant's statements and his keys to his bedroom in his residence address.

SO ORDERED.

DATED: August 12, 2021              s/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE