UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 20-cr-20449
Honorable Linda V. Parker,

ROBERT LEE TAYLOR,

Defendant.
_______________________________/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

Defendant Robert Lee Taylor pleaded guilty to one count of Possession with Intent to Distribute Controlled Substances (Cocaine) (Count 1) and one count of Possession of Firearms in Furtherance of Drug Trafficking Crimes (Count 2) pursuant to a Rule 11 Plea Agreement. (ECF No. 122.) On January 11, 2023, the Honorable Paul D. Borman, to whom this matter was then assigned, sentenced Taylor to consecutive terms of imprisonment of 84 months on Count 1 and 60 months on Count 2, for a total of 144 months. (ECF No. 147.) The Sixth Circuit Court of Appeals affirmed the Judgment on November 16, 2023. (ECF No. 161.)

Taylor has filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582. (ECF No. 164.) In the motion, he seeks compassionate release based on the care-giving needs of his daughter. According to Taylor, the child's

mother has died and her paternal and maternal grandmothers are recently deceased. The Government opposes the motion. (ECF No. 167.) The matter has been reassigned to the undersigned pursuant to Eastern District of Michigan Local Criminal Rule 57.10.

**Applicable Law**

A defendant may move for compassionate release under 18 U.S.C. § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The statute allows a district court to reduce a defendant's sentence if three additional requirements are satisfied: (1) "extraordinary and compelling reasons" support a reduction; (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the applicable factors in 18 U.S.C. § 3553(a) support relief. 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). The United States Sentencing Guidelines provide, in relevant part, that "extraordinary and compelling reasons" include "[t]he death or incapacitation of the caregiver of the defendant's minor child . . .." U.S.S.G. § 1B1.13(b)(3)(A).

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). The Sixth Circuit has found that the district court "is best situated to balance the § 3553(a) factors." *United States v. Kinkaid*, 802 F. App'x 187, 189 (6th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). "And a district court acts within its discretion when it denies compassionate release based on the seriousness of the underlying offense." *United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021).

The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

**Analysis**

As a threshold matter, Taylor satisfied the exhaustion requirement in § 3582. Nevertheless, his motion fails on the merits. Most significantly, he fails to prove that extraordinary and compelling reasons warrant relief.

As evidenced by the Death Certificate attached to Taylor's motion, his daughter's mother did pass away on January 18, 2023. (*See* ECF No. 164 at PageID.1990.) The child's grandmothers may also be deceased. (*See id.* at PageID.1988.) However, the Court's Probation Department has confirmed that the child lives with another individual, who began caring for her in July 2021—well

before the mother's death and even before Taylor pleaded guilty in this matter. While Defendant states that this individual is 70 years old and deaf, there is no evidence to suggest that she is incapable of caring for his minor daughter.

As such, nothing extraordinary or compelling has occurred since Taylor's sentencing to warrant his release. Additionally, the § 3553(a) factors do not weigh in favor of Taylor's request for compassionate release.

Accordingly,

**IT IS ORDERED** that Defendant's motion for compassionate release (ECF No. 164) is **DENIED**.

Date: November 24, 2026

s/LINDA V. PARKER
UNITED STATES DISTRICT JUDGE